01
02
03
04
05
06                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
07                              AT SEATTLE

08  CARLOS OLIVARES-GUERRERO,           )   CASE NO. C07-0050-JLR-MAT
                                        )
09           Petitioner,                )
                                        )
10      v.                              )   REPORT AND RECOMMENDATION
                                        )
11  ALBERTO R. GONZALES, et al.,        )
                                        )
12           Respondents.               )
    _____)
13

14              I. INTRODUCTION AND SUMMARY CONCLUSION

15       Petitioner Carlos Olivares-Guerrero is a native and citizen of Mexico. On January 5, 1995,

16  petitioner was ordered deported from the United States to Mexico, but was never deported. (Dkt.

17  #6, Ex. 2). On January 8, 2007, the U.S. Immigration and Customs Enforcement ("ICE") Seattle

18  fugitive operations team arrested petitioner at his home, and began the process of removing

19  petitioner to Mexico pursuant to the 1995 deportation order. *Id.* On January 12, 2007, petitioner,

20  proceeding through counsel, filed a Petition for Writ of Habeas Corpus, and a Motion for Stay of

21  Removal. (Dkts. #1 and #2). Petitioner argues that he should not be removed from the United

22  States because he is eligible to apply for cancellation of removal. He asks this Court to enjoin

REPORT AND RECOMMENDATION
PAGE -1

01 respondents from enforcing his 1995 deportation order. This Court subsequently entered an Order
02 granting petitioner a temporary stay of removal pending briefing and a resolution of petitioner's
03 request for stay. (Dkt. #3). On January 18, 2007, respondents filed an opposition to petitioner's
04 motion for stay of removal. (Dkt. #6). Respondents argue that, under the REAL ID Act of 2005,
05 the Court lacks jurisdiction over petitioner's habeas petition to the extent he challenges his
06 removal, not his detention, and thus precludes the Court from staying petitioner's removal. (Dkt.
07 #6).

08 After carefully reviewing the entire record, I recommend that petitioner's motion for stay
09 of removal (Dkt. #2) be DENIED.

10 II. DISCUSSION

11 The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513
12 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc)
13 (concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of
14 removal). Under *Abassi*, petitioner must show either: (1) the probability of success on the merits
15 plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the
16 balance of hardships tips in petitioners favor. *Abassi*, 143 F.3d at 514. The Court finds that
17 petitioner meets neither prong of the *Abassi* test.

18 First, petitioner cannot satisfy the requirement that he demonstrate a probability of success
19 on his claim that his application for cancellation of removal must be adjudicated before any action
20 may be taken to remove him from the United States based on his prior order of deportation. The
21 Ninth Circuit has held that the pendency of an application for collateral administrative relief does
22 not entitle an alien to a stay of removal. *See Armstrong v. I.N.S.*, 445 F.2d 1395, 1396 (9th Cir.

01  1971) (holding that a pending visa application does not entitle an alien to a stay of deportation to

02  await the issuance of a visa); *also Bowes v. I.N.S.,* 443 F.2d 30, 31 (9th Cir. 1971) (holding that

03  the pendency of an application does not entitle an alien to a delay in deportation proceedings);

04  *Obitz v. I.N.S.*, 623 F.2d 1331 (9th Cir. 1980) (same).

05/06/07  Although deportation proceedings may sometimes be deferred or canceled to enable an alien to qualify for some collateral immigration benefits, an alien has no absolute right to such dispensation. Thus, aliens cannot demand such relief as a matter of right because they have sought collateral benefits that may have a bearing on their deportability.

08  6 Gordon, Mailman & Yale-Loehr, Immigration Law and Procedure § 72.03[2][e] (rev. ed. 2000).

09  Moreover, petitioner has not demonstrated that this Court even has jurisdiction to consider his

10  habeas petition. Respondents argue that this Court lacks subject matter jurisdiction over this case,

11  contending that 8 U.S.C. § 1252(g), prohibits petitioner's claims because they arise from the

12  decision of the Attorney General to execute his removal order. (Dkt. #6 at 3-4).

13  Section 242(g) provides:

14/15/16  Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General <u>to commence proceedings, adjudicate cases, or execute removal orders</u> against any alien under this chapter.

17  8 U.S.C. § 1252(g)(emphasis added). In *Reno v. American-Arab Anti-Discrimination Comm.*,

18  525 U.S. 471, 482, 119 S. Ct. 336 (1999), the Supreme Court held that Section 242(g) should be

19  read narrowly so as to apply to "only three discrete actions that the Attorney General may take:

20  her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'"

21  The Ninth Circuit has since "heeded the Supreme Court's directive and construed [242(g)] so as

22  to apply only to those aspects of the deportation process *specifically* referred to in the statutory

REPORT AND RECOMMENDATION
PAGE -3

01 language." *Sissoko v. Rocha*, 440 F.3d 1145, 1156 (9th Cir. 2006)(citing *Wong v. U.S.*, 373 F.3d

02 952, 963-64 (9th Cir. 2004); *U.S. v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)).

03     Here, petitioner is challenging respondents' execution of his removal order to Mexico.

04 Petitioner, however, fails to indicate how this Court has jurisdiction to consider such claims. As

05 a result, the Court finds that petitioner has not demonstrated a probability of success on the merits,

06 and therefore, has not satisfied the first prong of the *Abassi* test.

07     In order to grant a stay of removal under the second prong of the *Abassi* test, the Court

08 must find that serious legal questions have been raised and that the balance of hardship tips sharply

09 in petitioner's favor. *Abassi*, 143 F.3d at 514. As discussed above, petitioner has not established

10 that this Court has jurisdiction to consider petitioner's claims. Accordingly, the Court finds that

11 no substantial legal questions have been raised before this Court. Thus, petitioner does not satisfy

12 the second prong of the *Abassi* test, and a stay of removal should not be granted.

### III. CONCLUSION

14     For the foregoing reasons, I recommend that petitioner's motion for stay of removal (Dkt.

15 #2) be DENIED.

16     DATED this 23rd day of January, 2007.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4